UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFF WALL, | ) | CV F- 02-6592 AWI DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| v. | ) | DISMISSAL OF ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM |
| L. LINT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1   Plaintiff alleges that during his stay in the infirmary at Avenal State Prison, correctional
2   officer Lint verbally harassed him and antagonized him on various occasions.  He further alleges
3   officer Lint slammed a door on the back of his foot, causing a large cut.

4   Verbal harassment or abuse, including the use of racial epithets, does not violate the
5   Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski
6   v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Nor do threats rise to the level of a constitutional
7   violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

8   Regarding plaintiff's allegation that a door was slammed on his foot, as plaintiff was
9   previously advised, when a prison official stands accused of using excessive physical force in
10  violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns
11  on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously
12  and sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing
13  Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  Although an inmate need not have suffered
14  serious injury to bring an excessive force claim against a prison official, "[not] every malevolent
15  touch by a prison guard gives rise to a federal cause of action.  Hudson, 503 U.S. at 9.  "Not every
16  push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a
17  prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.)(cert.
18  denied sub nom. Johnson, 414 U.S. 1033 (1973)).  The Eighth Amendment's prohibition on cruel
19  and unusual punishments necessarily excludes from constitutional recognition de minimus uses of
20  physical force. Id. at 9-10.  In the instant case, plaintiff has alleged nothing more than negligence or
21  possibly a de minimus use of force, thus his allegations do not rise to the level of an Eighth
22  Amendment violation.

23  In summary, plaintiff has once against failed to state a cognizable claim against defendant
24  Lint and therefore the Court HEREBY RECOMMENDS to dismiss the amended complaint in its
25  entirety.  The Court does not recommend that plaintiff be given leave to amend as he has already
26  been given the opportunity to file an amended complaint and was unable to cure the deficiencies.
27  accordance with this order will result in dismissal of this action.
28

1   These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)
3  days after being served with these Findings and Recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within
6  the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
7  F.2d 1153 (9th Cir. 1991).

11       IT IS SO ORDERED.
12       Dated:   December 27, 2006            /s/ Dennis L. Beck
         3c0hj8                        UNITED STATES MAGISTRATE JUDGE